**THE HONORABLE MARY JO HESTON**
**CHAPTER 13**
**HEARING DATE: December 3, 2026**
**HEARING TIME: 10:00 A.M.**
**LOCATION: via ZoomGov**
**RESPONSE DATE: November 25, 2026**

**IN THE UNITED STATES BANKRUPTCY COURT FOR THE WESTERN DISTRICT OF WASHINGTON AT TACOMA**

| | |
|---|---|
| In re:<br><br>BENJAMIN ZACHARIAH GREEN,<br><br>Debtor. | Case No.: 26-42639-MJH<br><br>TRUSTEE'S OBJECTION TO CONFIRMATION WITH STRICT COMPLIANCE |

**COMES NOW**, Michael G. Malaier, Chapter 13 Standing Trustee, and objects to confirmation as follows:

## BACKGROUND

Debtor filed this Chapter 13 case on September 12, 2026. The applicable commitment period is thirty-six months. The case is currently in the second month, and the Meeting of Creditors has been completed. The bar date for filing non-governmental claims is November 23, 2026. Scheduled unsecured claims total $33,493.05. The Trustee estimates that under the proposed plan general unsecured creditors will receive approximately $0.00.



Michael G. Malaier
Chapter 13 Standing Trustee
5219 N. Shirley, Suite 101
Ruston, WA 98407
(253) 572-6600

## OBJECTION

☐ Plan is not feasible:

☒ Plan is not proposed in good faith or is forbidden by law:

1. Debtor's plan fails to provide an amount in Section IV.E. *See* ECF No. 10.
2. Debtor's plan fails to address the secured claim of OneMain Financial Group, LLC, as set forth in POC 3-1.
3. The proposed plan does not comply with LBR 3015-1(j). Debtor testified during his 341 Meeting of Creditors that there are arrears for his HOA dues. As Debtor is not current on his HOA dues, he must provide for an ongoing payment and cure payment for the arrears through the plan. Additionally, Schedule J would need to be amended to remove the HOA expense. *See* ECF No. 1.
4. Debtor's plan fails to provide for the second secured claim of Ocwen Loan Servicing, LLC, as set forth in Schedule D. *See* ECF No. 1, Schedule D, Line 2.2. Debtor testified during his 341 Meeting of Creditors that this is a second mortgage that is not due right now. Even if the secured claim constitutes a "silent second" the plan must address treatment of the claim.

☒ Plan fails to commit all excess disposable income for the applicable commitment period as required by 11 U.S.C. § 1325(b)(1)(B):

Debtor must amend Form 122C-1 to correct his household size of four. *See* ECF No. 3.

☐ Plan does not meet the best interests of creditors test as required by 11 U.S.C. § 1325(a)(4):

☒ Schedules or other documentation insufficient:

Debtor's plan is not signed. *See* ECF No. 10. Typed signatures should include "/s/" to indicate an electronic signature.

☐ Other:

**WHEREFORE**, Trustee requests that the objection to confirmation be sustained and Debtor be ordered to file a motion to confirm a plan resolving the issues raised herein within 14 days of entry of the Order Sustaining Trustee's Objection to Confirmation; and to set the hearing on the next available motion calendar after the 14 days expires. If the Motion to Confirm



Michael G. Malaier
Chapter 13 Standing Trustee
5219 N. Shirley, Suite 101
Ruston, WA 98407
(253) 572-6600

resolving the Trustee's issues is not filed and set for hearing as outlined above, the Trustee requests he be allowed to enter an order dismissing the case, *ex parte*, without notice.

**DATED** this 29th day of October, 2026.

/s/ Benjamin J. Bouwman
Benjamin J. Bouwman, WSBA #57833 for
Michael G. Malaier, Chapter 13 Trustee

## CERTIFICATE OF MAILING

I declare under penalty of perjury under the laws of the United States as follows: I mailed via first class mail a true and correct copy of the Trustee's Objection to Confirmation to the following:

Benjamin Zachariah Green
17308 SE 21st Way
Vancouver, WA 98683

The following parties received notice via ECF:

Charice L. Holtsclaw
United States Trustee

Executed at Tacoma, Washington on the 29th day of October, 2026.

/s/Tracy Maher
Tracy Maher
Office Manager



Michael G. Malaier
Chapter 13 Standing Trustee
5219 N. Shirley, Suite 101
Ruston, WA 98407
(253) 572-6600